1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7157
   Facsimile: (619) 557-5004
6
   Attorneys for the Defendants
7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10 STANISLAV     VLADIMIROVICH)    Case No. 08cv0379 H (WMc)
   AGAPOV,                     )    MEMORANDUM OF POINTS AND
11                             )    AUTHORITIES SUPPORTING DEFENDANTS'
                  Plaintiff,   )    MOTION TO DISMISS OR ALTERNATIVELY
12      v.                     )    TO REMAND TO UNITED STATES
                               )    CITIZENSHIP AND IMMIGRATION SERVICES
13 PAUL M.PIERRE, District Director, San)      Date:  June 9, 2008
   Diego U.S. Citizenship and Immigration)     Time:  10:30 a.m.
14 Services Field Office, et al.,         )     Crtrm: 13
                               )              The Honorable Marilyn L. Huff
15             Defendants.     )    **[Defendants Do Not Request Oral Argument]**
   _____)

16

17

18

19

20

21

22

23

24

25

26

27

28

I.

<u>INTRODUCTION</u>

Plaintiff requests that the Court compel Defendants to complete the processing of his naturalization application, however, he has failed to establish the Court's subject matter jurisdiction or to state a claim upon which relief can be granted.  The Complaint is therefore subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Plaintiff has not been examined by Defendant U.S. Citizenship and Immigration Services (USCIS) regarding his application for naturalization, and by federal regulation, cannot be examined until USCIS receives the results of his name check pending with Defendant Federal Bureau of Investigation (FBI).  Defendants request that the Court dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim.  Alternatively, if the Court finds jurisdiction and that Plaintiff has stated a claim, Defendants request that the Court remand the matter to USCIS for adjudication of the application once the necessary background investigation and subsequent examination are completed.

II.

<u>STATEMENT OF FACTS</u>

Plaintiff Stanislav Agapov, a native and citizen of Russia, was granted Lawful Permanent Resident status on March 19, 2002.  <u>See</u> Declaration of Janaki Rangaswamy, (Ex. A), ¶ 19.[1/]  On June 15, 2007, Plaintiff filed an Application for Naturalization (N-400).  <u>Id.</u>  On August 8, 2007, USCIS received the results of Plaintiff's FBI fingerprints check.  <u>See</u> Ex. A, ¶ 19.  On or about July 12, 2007, the FBI received a name check request from USCIS.  <u>See</u> Declaration of Michael Cannon (Ex. B) ¶ 43.  To date, Plaintiff's FBI name check is incomplete and ongoing.  <u>Id.</u> at ¶ 19; Ex. B, ¶ 43.  Further, because Plaintiff's FBI name check has not been completed and he has not been examined, his N-400 application remains pending.  <u>See</u> Ex. A, ¶¶ 19-21.

///

---

[1/]    When considering a motion to dismiss pursuant to Rule 12(b)(1), the district court may review  evidence outside the pleadings to resolve factual disputes concerning the existence of jurisdiction without converting the motion to one for summary judgment.  <u>See</u>, <u>e.g.</u>, <u>Land v. Dollar</u>, 330 U.S. 731, 735 n.4, (1947) ("when a question of the District Court's jurisdiction is raised...the court may inquire by affidavits or otherwise, into the facts as they exist."); <u>Biotechs Research Corp. v. Heckler</u>, 710 F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside the pleadings did not convert a Rule 12(b)(1) motion into one for summary judgment).

III.

ARGUMENT

A.    LEGAL BACKGROUND

By statute, the Secretary of Homeland Security[2] is authorized to prescribe the scope and nature of the examination of naturalization applicants as to their admissibility to citizenship. 8 U.S.C. § 1443(a). Judicial review is limited to those applications that have been denied or not decided within 120 days of examination. See 8 U.S.C. § 1447(a)-(b). Plaintiff's application has not been denied, nor has he been examined by USCIS. See Ex. A, ¶¶ 19-21. Thus, the Court does not have jurisdiction under 8 U.S.C. §§ 1421(c), 1447(a), or 1447(b).

In a situation where there has been no examination, the governing statutes and regulations do not provide a time frame for adjudication of a naturalization application. See 8 U.S.C. §§ 1443, 1446, 1447; 6 U.S.C. § 551(d); 8 C.F.R. § 335. Further, Title 8 only provides a mechanism for judicial review where 120 days have elapsed since USCIS conducted an examination in connection with an application or where an application is denied. See 8 U.S.C. §§ 1421(c); 1447. USCIS is required to examine each applicant for naturalization. See 8 U.S.C. § 1446(b). The examination takes place in the form of an interview with a USCIS officer and includes a test of English literacy, basic knowledge of the history and government of the United States, and questioning on the answers provided in the application itself. See 8 C.F.R. § 335.2(c). However, regulations enacted in the discretion of the Secretary of Homeland Security require that the examination only occur after the completion of extensive criminal background checks and a "definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed." 8 C.F.R. § 335.2(b); Ex. A, ¶ 21. Plaintiff's FBI name check is currently incomplete and ongoing. See Ex. A, ¶ 20; Ex. B, ¶ 43. Accordingly, no examination of Plaintiff has taken place and his application remains pending. See Complaint, ¶ 8; Ex. A, ¶ 21. Therefore, Title 8 does not provide for any judicial review of Plaintiff's complaint because Plaintiff's application has not been denied and he has not been interviewed. See 8 U.S.C. §§ 1447(a)-(b).

///

---

[2]    On March 1, 2003, DHS and its USCIS assumed responsibility for the process of naturalization. 6 U.S.C. § 271(b). Accordingly, the discretion formerly vested in the Attorney General is now vested in the Secretary of Homeland Security. 6 U.S.C. § 551(d).

B.   THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF JURISDICTION

Plaintiff asserts the Court has jurisdiction under 28 U.S.C. §§ 1331, 1361, 1651, 2201, and 5 U.S.C. § 701 et. seq.  See Complaint, ¶ 5.  These statutory provisions do not vest this Court with subject matter jurisdiction.  This case in all material respects is similar to this Court's recent decision in Yasmeh v. Mukasey, No. 08cv0024, slip op. (S.D. Cal. April 1, 2008) (copy attached as Ex. E).  In Yasmeh, this Court held that there is no subject matter jurisdiction over complaints regarding a pending application for naturalization where the FBI name check is pending and USCIS has not conducted an interview.  Yasmeh, No. 08cv0024, p. at 3-7.  Other courts in this district have also held that there is no subject matter jurisdiction over a complaint involving an application for naturalization that remains pending as a result of an ongoing FBI namecheck.  See Dairi v. Chertoff, No. 07cv1014, 2007 WL 3232503, *1 (S.D. Cal. November 1, 2007) ("[T]here appears to be no legal basis for the court to exercise subject matter jurisdiction over the action to compel Defendants to proceed with the naturalization interview."); Song v. Chertoff, No. 07cv0855, 2007 WL 3256201, *1 n.1 (S.D. Cal. November 1, 2007) (holding that there was no jurisdiction under 8 U.S.C. §§ 1447(b), 1421(c) or under any other provisions cited by plaintiff); Zhou v. Chertoff, No. 07cv0102-LAB, slip op. (S.D. Cal. Mar. 14, 2007) (copy attached as Ex. F) (same). Similarly here, there is no legal basis to order USCIS to proceed to the examination because Defendants may not schedule Plaintiff's interview until USCIS receives the results of the criminal background investigation from the FBI.  See 8 C.F.R. § 335.2(b).

1.   Federal Question Statute Does Not Vest the Court with Jurisdiction

Plaintiff asserts the Court has jurisdiction under 28 U.S.C. § 1331, the federal question statute. Under this statute, a federal court has subject matter jurisdiction where (1) the claim turns on an interpretation of the laws or Constitution of the Untied States, and (2) the claim is not "patently without merit."  Saleh v. Ridge, 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005).  Here, Plaintiff's complaint fails on the second prong.  As discussed above, Plaintiff's application for naturalization has not been denied and he has not been examined which leaves him without a mechanism for judicial review.   See 8 U.S.C. §§ 1147(a)-(b).  Furthermore, Plaintiff may only be examined after his FBI background check has been completed.  See 8 C.F.R. § 335.2(b).  Accordingly, as Plaintiffs' FBI name check remains pending, his Complaint is without merit and should be dismissed for lack of subject matter jurisdiction.

2.    The Mandamus Act Does Not Provide Jurisdiction

The Mandamus Act provides district courts with original jurisdiction of "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, the availability of mandamus is limited. See Cheney v. United States District Court for the District of Columbia, 542 U.S. 367, 392 (2004) (Stevens, J., concurring). "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003) (quoting Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1998)). Relief through § 1361 is only appropriate where the action to be compelled is nondiscretionary. 28 U.S.C. § 1361; Sung v. Ashcroft, 76 Fed. Appx. 138, 139 (9th Cir. 2003) (citing Kildare, 325 F.3d at 1084). Plaintiff's Complaint does not resemble those extraordinary cases in which the Ninth Circuit has held that "drastic" mandamus relief is appropriate. See, e.g., Barton v. United States District Court, 410 F.3d 1104, 1106 (9th Cir. 2005) (issuing a writ of mandamus to protect attorney-client privilege); Myers v. United States District Court, 620 F.2d 741 (9th Cir. 1980) (issuing a writ of mandamus to protect constitutional right to a jury trial).

Plaintiff's situation is analogous to the applicant in this Court's recent decision in Yasmeh. In Yasmeh plaintiff had not been interviewed and his naturalization application had been pending at least two years due to an incomplete background investigation from the FBI. Yasmeh, No. 08cv0024, p. 2. In assessing the basis for jurisdiction, the Court found that the Defendants, USCIS and the FBI, provided sufficient evidence to demonstrate that the delay in processing plaintiffs' application was not due to agency inaction and was directly attributable the time required to resolve the various concerns involved in a background investigation. Id. at 5. The Court held that it lacks jurisdiction under the Mandamus Act because "the pace of the investigation and adjudication process before an interview occurs is discretionary and, therefore, Defendants do not owe a ministerial duty to expedite the processing of Plaintiff's application." Id. Similarly here, the background investigation required in connection with Plaintiff's application is ongoing. Ex. A, ¶ 20-21. Congress specifically prohibited Defendants from adjudicating Plaintiff's application until they receive a completed background check from the FBI.

1   See Pub. L. No. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448, 2449.   Thus, Defendants cannot act on

2   Plaintiff's application until they receive a completed background investigation.  See Li v. Chertoff, 482

3   F. Supp. 2d 1172, 1178 (S.D. Cal. 2007).   Accordingly, as in Yasmeh, the pace of adjudication is

4   discretionary because the investigation is ongoing and Defendants do not owe a ministerial duty to

5   expedite Plaintiff's application.

6          Plaintiff's insistence that he has a right to expedited adjudication of his naturalization applications

7   ignores the fact that his FBI namecheck investigation is ongoing and incomplete.  See Ex. B, ¶ 43.

8   Moreover, contrary to Plaintiff's allegations of a refusal to act, Defendants are completing their duty to

9   process Plaintiff's application in accordance with law. See Ex. A, ¶¶ 5-6, 19-22; Ex. B, ¶ 43. Defendants

10  have no duty to expedite a law enforcement background investigation because Plaintiff desires the results

11  immediately.  Because Defendants are prohibited from acting on Plaintiff's application until they receive

12  a completed background check, Plaintiff cannot establish a clear and certain claim for relief or that

13  Defendants have a plainly prescribed duty to act on his application. Accordingly, Plaintiff is not entitled

14  to relief under 28 U.S.C. 1361 and the Complaint should be dismissed for lack of jurisdiction.

15          3.    The Administrative Procedure Act And The Declaratory Judgment Act
                  Do Not Vest This Court With Jurisdiction
16

17          The Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"), does not provide an independent basis

18  for jurisdiction; rather, it only expands the range of remedies available in federal courts.  Skelly Oil Co.

19  v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950).  Similarly, the Administrative Procedures Act

20  ("APA"), 5 U.S.C. § 701, et seq., does not provide an independent jurisdictional basis.   Califano v.

21  Sanders, 430 U.S. 99, 107 (1977); Staacke v. U.S. Department of Labor, 841 F.2d 278, 282 (9th Cir.

22  1988).   Rather, it merely provides the standards for reviewing agency action once jurisdiction is

23  otherwise established.  Staacke, 841 F.2d at 282.  Furthermore, judicial review under the APA is

24  specifically precluded where "agency action is committed to agency discretion by law."

25  8 U.S.C. § 701(a)(2).  "Agency action," as defined under the APA, also includes "a failure to act."

26  5 U.S.C. § 551(13).

27          The APA may confer jurisdiction on the Court where a person "suffering a legal wrong . . . or

28  adversely affected or aggrieved" complains of agency action or inaction. 5 U.S.C. § 702. However, such

1  a claim may only arise where the plaintiff "asserts that an agency failed to take a discrete agency action

2  that [the agency] is required to take."  <u>Mustafa v. Pasquerell</u>, 2006 WL 488399 at * 2 (W.D. Tex. Jan.

3  10, 2006) (citing <u>Norton v. So. Utah Wilderness Alliance</u>, 542 U.S. 55, 64 (2004)).  Plaintiff's allegation

4  that his application has not been adjudicated since June 2007 fails to satisfy this standard as a matter of

5  fact and law.  First, the processing of his naturalization application is ongoing.  <u>See</u> Ex. A at ¶¶ 22-26.

6  Second, 5 U.S.C. § 704 limits judicial review to those agency actions made reviewable by statute,

7  excluding from coverage agency decisions committed to agency discretion by law.  <u>See</u> <u>Akpojiyovwi v.</u>

8  <u>Acosta</u>, No. H-04-3495,  2005 WL 1668133, at *2 (S.D. Tex. Jul. 15, 2005) (citing, in relevant part, 5

9  U.S.C. § 701 (a) (2)) (internal footnote and citation omitted).

10         Plaintiff asks the Court to order the completion of his background investigation and schedule him

11  for an interview.  <u>See</u> Complaint at Prayer for Relief.  However, the FBI is currently working to complete

12  Plaintiff's name check and background investigation.  <u>See</u> Ex. B, ¶ 43.  USCIS cannot complete its

13  review of Plaintiff's application, schedule him for an interview, or adjudicate the application until the

14  necessary background checks are complete.  <u>See</u> 8 C.F.R. § 335.2(b); Ex. A, ¶¶ 21-22.  APA review of

15  how, or how quickly, Defendants perform this important national security function is unavailable in this

16  case.

17         It is well-established that courts generally have no power to order the Executive to undertake a

18  particular investigation absent some statutory provision conferring this authority. <u>See</u>, <u>e.g.</u>, <u>United States</u>

19  <u>v.  Ramos</u>, 933 F.2d 968, 971 n.1 (11th Cir. 1991) (explaining that "[c]riminal investigations are an

20  executive function within the exclusive prerogative of the Attorney General's Office") (citation omitted)).

21  Where an agency possesses discretion regarding the manner and time of performance of its functions,

22  courts may only direct the agency "to take action upon a matter, without directing <u>how</u> it should act."

23  <u>Norton v. So. Utah Wilderness Alliance</u>, 542 U.S. 55, 64 (2004) (emphasis in original) (internal citation

24  omitted).  Here, Plaintiff's Complaint admits that USCIS informed him that the processing of his

25  application is pending, awaiting the results of the background investigation. Complaint at ¶ 9. Moreover,

26  the USCIS and the FBI are working toward completing pending naturalization applications and recently

27  reduced the projected processing times for naturalization applications. <u>See</u> USCIS Website, USCIS

28  U p d a t e s   P r o j e c t e d   N a t u r a l i z a t i o n   C a s e   P r o c e s s i n g   T i m e,

http://www.uscis.gov/files/article/naturalization_processing_2apr08.pdf, (attached as Ex. D).  In fact, USCIS and FBI assert that namechecks that have been pending more than one year should be completed by November 2008.    See USCIS Website, USCIS and FBI Release Joint Plan, http://www.uscis.gov/files/article/NameCheck_2Apr08.pdf, (attached as Ex. C).  On such a record, where submitted evidence avers that the necessary investigation is pending, APA review is unavailable.

Similarly, APA review is unavailable to compel the FBI to complete a namecheck because no statute or regulation imposes any deadline for the FBI to complete a criminal background check.  Shalabi v. Gonzales, 2006 WL 3032413, at * 5 (E.D. Mich. Oct. 23, 2006)("[C]ourts are ill-equipped to conduct the type of criminal background checks with which the FBI has been tasked, and to conduct a hearing without the benefit of a completed background check 'would contravene Congress's intent that an FBI background is to be completed prior to the adjudication of every naturalization application.'").  Congress could have enacted deadlines for the performance of the FBI's immigration name checks and could have subjected this process to judicial review.  Congress's decision not to do so indicates that this process remains well within the FBI's sole discretion, and the FBI's decisions regarding when and how to complete adjustment of status name checks are not subject to judicial scrutiny.  Cf. Haig v. Agee, 453 U.S. 280, 300 (1981) ("congressional acquiescence may sometimes be found from nothing more than silence in the face of an administrative policy").

Significantly, this Court in Yasmeh recognized that the APA does not provide subject matter jurisdiction where the agency is not compelled by law to act within a specified period of time or the delay is unreasonable.  Yasmeh, No. 08cv0024, p. 6.  Further, the Court held that there are no statutes or regulations that require either USCIS or FBI to act with respect to the FBI namecheck and background investigation. Id.  Accordingly, as in Yasmeh, the Court lacks jurisdiction to grant Plaintiff relief because Plaintiff cannot point to a single statute or regulation that imposes a time period within which USCIS must adjudicate his application or a time period requiring the FBI to complete the background investigation.  Therefore, Plaintiff's claims for relief under the APA must be dismissed.

4.    The All Writs Act Does Not Establish Jurisdiction

The All Writs Act also does not provide this Court with jurisdiction over the subject matter of Plaintiff's Complaint or permit the Court to order the requested relief.  Plaintiff's Complaint improperly

1  pleads § 1651 as a basis for his requested relief.  See id.; see also Kerr v. United States Dist. Court, 426

2  U.S. 394, 402-03 (1976).  The All Writs Act provides that Article III courts "may issue all writs

3  necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles

4  of law." 28 U.S.C. § 1651. "The Supreme Court has explained that only 'exceptional circumstances

5  amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy.'"

6  United States v. Ye, 436 F.3d 1117, 1121 (9th Cir. 2006) (quoting Will v. United States, 389 U.S. 90,

7  95 (1967)).  Applied to Article II conduct, the use of the All Writs Act is exceedingly rare.  See

8  Confederated Tribes v. Bonneville Power Admin., 342 F.3d 924, 930 (9th Cir. 2003) ("The circumstances

9  that will justify our interference with non-final agency action must be truly extraordinary, for this court's

10  supervisory province as to agencies is not as direct as our supervisory authority over trial courts.")

11  (quoting Public Util. Comm'r v. Bonneville Power Admin., 767 F.2d 622, 630 (9th Cir. 1985)). Plaintiff

12  does not request that the Court issue a writ to protect the jurisdiction of the Court or to effectuate the

13  Court's judgment, nor may his Complaint be read to pray for the relief that may be properly granted by

14  the All Writs Act.  See Confederated Tribes, 342 F.3d at 930; Ye, 436 F.3d at 1121-22 (establishing a

15  five factor test to determine whether mandamus relief may arise under § 1651).

16          C.     PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH
                  RELIEF MAY BE GRANTED

17

18       Alternatively, if the Court finds that it has jurisdiction, Plaintiff still fails to state a claim upon

19  which relief may be granted.  Plaintiff's application may not be decided because his background

20  investigation is not yet complete.  Had it wished to do so, Congress could have enacted deadlines for the

21  performance of the FBI's background investigation and subjected this process to judicial review.  In the

22  absence of such a directive, USCIS has no clear, mandatory duty to adjudicate Plaintiff's application at

23  any particular time, or, in effect, to give preferential treatment to his application by processing it out of

24  the order in which it was received.  Further, Plaintiff has failed to establish that the FBI can be compelled

25  to complete his background investigation.  There is no statutory or regulatory requirement that the FBI

26  complete the background check of an applicant within a certain time limit.  See Norton, 542 U.S. at 63;

27  see, e.g., Li, 482 F.Supp.2d at 1179 ("Plaintiff has not pointed to any statute or regulation requiring the

28  FBI to complete her name check in any period of time, reasonable or not.").  Lastly, Plaintiff has failed

1  to establish that he has suffered any cognizable injury.  See Lujan v. Defenders of Wildlife, 504 U.S. 555,

2  560-61 (1992).  While his application is pending, Plaintiff retains all of the rights and benefits of a lawful

3  permanent resident, including the right to work and travel freely.  See Ex. A, ¶ 18.  Because he has no

4  clear right to immediate adjudication and Defendants' duty is purely discretionary, the extraordinary

5  relief provided by mandamus is not warranted here.  Accordingly, the Court should dismiss the

6  Complaint for failure to state a claim upon which relief may be granted.

7         D.    IF JURISDICTION EXISTS, PLAINTIFF'S CASE SHOULD BE
               REMANDED TO USCIS
8

9         The Secretary of Homeland Security has "sole authority to naturalize persons as citizens of the

10  United States."  8 U.S.C. § 1421(a); 6 U.S.C. § 271(b).  USCIS is the federal agency charged with

11  processing applications for naturalization.  See 8 U.S.C. § 1421 et seq.  USCIS is required to conduct a

12  personal investigation and examination of each applicant for naturalization.  See 8 U.S.C. §§ 1446(a)-

13  (b); 8 C.F.R. §§ 335.1-335.2.  In situations in which there has been an examination by USCIS and 120

14  days elapse without a decision whereby district court jurisdiction is not in dispute, Congress provided

15  the Court with two options.  See 8 U.S.C. § 1447(b).  The Court retains exclusive jurisdiction over the

16  application and may either determine it or remand it to USCIS with appropriate instructions.  Id.; see also

17  United States v. Hovsepian, 359 F.3d 1144, 1160.

18         Within the 8 U.S.C. § 1447(b) context, when there is a basis for jurisdiction, courts in this District

19  have overwhelmingly elected to remand applications for naturalization to USCIS with instructions to

20  adjudicate the application as expeditiously as possible after the FBI's completion of the name check.  See

21  Somo v. Gonzales, No 07cv0637, 2007 WL 2700948, *3 (S.D. Cal. Sept. 10, 2007); Penalosa v. U.S.

22  Citizenship & Immigration Servs., No. 07cv0808, 2007 WL 2462118, *3 (S.D. Cal. Aug. 28, 2007); Ma

23  v. Chertoff, No. 07cv0033, 2007 WL 2462103, *3 (S.D. Cal. Aug. 27, 2007); Yang v. Chertoff, No.

24  07cv0240, 2007 WL 1830908, *4 (S.D. Cal. June 25, 2007); Ghazal v. Gonzales, No. 06cv2732, 2007

25  WL 1971944, *4 (S.D. Cal. June 14, 2007).  There are several advantages to remanding this matter to

26  USCIS.  The application will be adjudicated by the federal agency best equipped to evaluate the

27  application.  It will accomplish the congressional intent of uniform examination.  See 8 U.S.C. § 1443(a)

28  (the examination "shall be uniform throughout the United States").  Further, it will leave Plaintiff with

1   an avenue for judicial review under 8 U.S.C. § 1421(c) if the application is ultimately denied by USCIS.

2        If this Court finds that jurisdiction exists, it is appropriate to remand the matter to USCIS when

3   the pendency of an FBI investigation precludes the interview of an N-400 applicant.  Remand permits

4   the agency to render a decision in the first instance based upon a complete administrative record.  See

5   Khelifa v. Chertoff, 433 F.Supp. 2d 836, 843-44 (D. Mich. 2006) (noting that CIS is better equipped than

6   the federal courts to evaluate background investigation information, conduct follow up where necessary,

7   and complete adjudications).  Such an approach favors basic principles of administrative review as well

8   as judicial economy because if judicial review is required under § 1421(c),  the Court will have the

9   benefit of the final and complete administrative record.

10        Here, USCIS undertook the processing of Plaintiff's N-400 immediately.  Ex. A, ¶ 19.  In addition

11  to reviewing the information provided by Plaintiff, USCIS complied with agency directives and instituted

12  a series of law enforcement checks.  Id. at ¶¶ 5, 19-22.  Accordingly, if the Court determines that

13  jurisdiction is appropriate, then Defendants submit that remand is the procedure that honors the

14  congressionally mandated administrative process applicable to naturalization applications, favors judicial

15  economy, and does not deprive Plaintiff of judicial review in the event that, after a complete and requisite

16  background check, his application is denied. 8 U.S.C. § 1421(c)

17                                          IV.

18                                      CONCLUSION

19        For the foregoing reasons, Defendants respectfully ask the Court to dismiss Plaintiff's Complaint.

20  Alternatively, the Court should remand Plaintiff's Complaint to USCIS for adjudication after completion

21  of the necessary background investigation.

22        Dated: May 5, 2008                          Respectfully submitted,

23

24                                                    KAREN P. HEWITT
                                                      United States Attorney

25                                                    s/ Raven  M. Norris
                                                      RAVEN M. NORRIS
26                                                    Assistant U.S. Attorney
                                                      Attorneys for Defendants
27                                                    Email: Raven.Norris@usdoj.gov

28