# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANISLAV VLADIMIROVICH AGAPOV,<br><br>                 Plaintiff,<br><br>vs.<br><br>PAUL M. PIERRE, District Director, San Diego U.S. Citizenship and Immigration Services Field Office, et al.,<br><br>                 Defendants. | CASE NO. 08-CV-379 H (WMC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

On February 28, 2008, Plaintiff filed a complaint for mandamus relief against defendants Paul Pierre, District Director, U.S. Citizenship and Immigration Services; Michael Chertoff, U.S. Secretary of Homeland Security; and Michael Mukasey, U.S. Attorney General. (Doc. No. 1.) Plaintiff's complaint seeks an order from this Court requiring Defendants to expedite Plaintiff's pending naturalization application. On May 5, 2008, Defendants filed a motion to dismiss Plaintiff's complaint. (Doc. No. 4.) The Court submitted Defendants' motion on June 4, 2008. Plaintiff failed to file a response in opposition, although the time for doing so elapsed several weeks ago. For the following reasons, the Court grants Defendants' motion to dismiss Plaintiff's complaint.

## **Background**

The complaint alleges that Plaintiff, a Russian citizen, has been a lawful permanent resident of the United States since March 19, 2002. (Compl. ¶ 1.) On June 15, 2007,

Plaintiff filed an application for naturalization with the United States Citizenship and Immigration Services ("USCIS"). (Id. ¶ 6.) Plaintiff was fingerprinted for security checks on August 8, 2007. (Id. ¶ 7.) USCIS has not yet scheduled Plaintiff for an examination, because the FBI has not completed the requisite background check. (Id. ¶ 8.) Plaintiff alleges that other applications are being processed more expeditiously than his. (Id. ¶ 9.)

Plaintiff's complaint seeks a writ of mandamus requiring Defendants to process Plaintiff's application to a conclusion. The complaint asserts that Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701, by unlawfully withholding and/or unreasonably delaying action on Plaintiff's application. (Id. § 13.)

## Discussion

Federal courts are courts of limited jurisdiction and the burden of establishing that federal jurisdiction exists rests with the party asserting jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Here, Plaintiff's complaint asserts several bases for federal jurisdiction: federal question jurisdiction, (28 U.S.C. § 1331) the Mandamus Act (28 U.S.C. § 1361), the All Writs Act (28 U.S.C. § 1651), the Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedure Act (5 U.S.C. § 701 et seq.). Defendants move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, which allows a defendant to bring a motion to dismiss a claim because the court lacks jurisdiction over the subject matter. For the reasons discussed below, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims.

**A.     Mandamus Jurisdiction**

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate

1  remedy is available." Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003). Litigants
2  may seek a writ of mandamus "to compel action, when refused, in matters involving
3  judgment and discretion, but not to direct the exercise of judgment or discretion." Idaho
4  Watersheds Project v. Hahn, 307 F.3d 815, 832 (9th Cir. 2002) (quoting Miguel v. McCarl,
5  291 U.S. 442, 451 (1934)). Mandamus may also be available where "a public official has
6  violated statutory or regulatory standards delimiting the scope or manner in which official
7  discretion can be exercised." AlliedSignal, Inc. v. City of Phoenix, 182 F.3d 692, 697 (9th
8  Cir. 1999).

9        Based on Plaintiff's allegations in this case, the Court concludes that section 1361
10 does not confer subject matter jurisdiction over Plaintiff's claim at this time. Although
11 Defendants might have a duty to ultimately reach a decision on Plaintiff's application,
12 Plaintiff asks this Court to compel Defendants to expedite a particular (and particularly
13 sensitive) component of the application process. Accordingly, the Court concludes that the
14 actions Plaintiff seeks to compel are discretionary, not ministerial. Defendants have not
15 refused to take action on Plaintiff's application or exceeded a statutory or regulatory
16 standard delimiting the scope of their discretion. To the contrary, Plaintiff acknowledges
17 that the background investigation required in connection with Plaintiff's naturalization
18 application is ongoing. (See Decl. of Janaki Rangaswamy ISO Defs.' Motion to Dismiss
19 ("Rangaswamy Decl.") ¶¶ 20-21.) Congress has not established any time limits for the
20 USCIS or FBI to conduct the background investigations required under 8 U.S.C. § 1446,
21 and federal regulations do not provide a time frame within which USCIS must act on an
22 application for naturalization. See 8 C.F.R. § 335.1. Congress has, however, specifically
23 prohibited Defendants from adjudicating Plaintiff's application until they receive a
24 completed background check from the FBI. See Pub. L. No. 105-119, Title I, Nov. 26,
25 1997, 111 Stat. 2448, 2449. Instead of establishing a ministerial duty to complete the
26 required background investigation at a certain pace, section 1446 indicates that Congress
27 intended the executive branch and the relevant agencies to have broad discretion in the
28 manner in which they process naturalization applications. For example, the statute

provides that "[t]he Attorney General may, <u>in his discretion</u>, waive a personal investigation" in an individual case or class of cases. 8 U.S.C. § 1446(a) (emphasis added).

Furthermore, Congress has established a 120-day time frame for USCIS to make a determination on a naturalization application once it has <u>completed</u> the requisite background investigation and interviewed an applicant. 8 U.S.C. § 1447(b). This section provides the applicant the right to a hearing before a district court if USCIS fails to "make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted." <u>Id.</u> The absence of such a time frame delimiting the pace of Defendants' action before the interview occurs, including conducting the required security checks, indicates that the pace of such action is within the discretion of the relevant agencies.

Defendants' evidence indicates that the FBI processes USCIS name check requests in the order in which USCIS transmits them to the FBI. (Rangaswamy Decl. ¶ 7.) Delays in processing applications are unavoidable and may be lengthy. (<u>Id.</u> ¶ 9.) Some cases involve complex or highly sensitive information and cannot be resolved quickly. (<u>Id.</u> ¶ 6.) Sometimes a name check will reveal the existence of information about the applicant without revealing the nature of that information. In such cases, the USCIS must work closely with other agencies to obtain all the relevant information and ascertain its significance. (<u>Id.</u> ¶ 9.) Furthermore, the large number of name check requests USCIS has submitted to the FBI since the terrorist attacks of September 11, 2001, along with new heightened screening procedures, have created a backlog and slowed the FBI's completion of the name check requests. (<u>Id.</u> ¶ 7; <u>see</u> Decl. of Michael A. Cannon ISO Defendants' Motion to Dismiss ¶¶ 21-23.) USCIS has yet to receive the results of Plaintiff's name check from the FBI and therefore cannot complete the processing of Plaintiff's application. (Rangaswamy Decl. ¶ 19.)

Based on the foregoing, the Court concludes that this is not a case where an agency declines or refuses to act. Plaintiff's only grievance is that Defendants have not acted expeditiously enough. The evidence establishes that the requisite investigation is ongoing.

(See Rangaswamy Decl. ¶¶ 19-21.) Defendants simply do not yet have all of the necessary information to adjudicate Plaintiff's application. (Id.) USCIS states that once it has the information it will promptly process Plaintiff's application. (Id. ¶ 22.) The Court concludes that the pace of the investigation and adjudication process before an interview occurs is discretionary and, therefore, that Defendants do not owe a ministerial duty to expedite the processing of Plaintiff's application. See Kildare v. Saenz, 325 F.3d at 1084. Under the circumstances of this case, the Court concludes that the Mandamus Act, 28 U.S.C. § 1361, does not confer subject matter jurisdiction over Plaintiff's claim.

**B.     The Administrative Procedure Act**

The APA provides that, "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Also, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." Id. § 702. This includes judicial review to "compel agency action unlawfully withheld or unreasonably delayed." Id. § 706(1). Plaintiff argues that Defendants have failed to complete processing of Plaintiff's naturalization application within a reasonable time and request an order compelling Defendants to expedite the processing and adjudication of Plaintiff's application.

"Failures to act are sometimes remediable under the APA, but not always." Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 61 (2004). "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." Id. at 64 (emphasis in original). This limitation rules out judicial direction of even discrete agency action that is not demanded by law or agency regulations having the force of law. See id. at 65. Therefore, under the APA a court may not compel an agency to act within a certain time unless the agency is compelled by law to act within a specified period of time or the delay is unreasonable. Id.; see Coit Independence Joint Venture v. Federal Sav. and Loan Ins. Corp., 489 U.S. 561, 590 (1989)

(Scalia, J., concurring).

Here, no statute or regulation specifies a time period within which USCIS must act with respect to the FBI name check and related background investigation. Compare Pub. L. No. 108-458, § 3001(g), 118 Stat. 3638 (2004) (requiring personnel security checks to be completed within a certain time frame). Additionally, Plaintiff has not pointed to any statute or regulation that requires the FBI to complete the name check in any period of time. The 120 day time limit for USCIS to make a determination on an application from the date of the interview does not apply here because USCIS has not yet scheduled an interview for Plaintiff.

Therefore, the only governing time limit is the APA's directive that agencies resolve matters presented to them within a reasonable time. 5 U.S.C. § 555(b). This provision clearly affords wide discretion to USCIS and the FBI regarding the pace of the investigation component of adjudicating naturalization applications. Cf. Wright v. Califano, 587 F.2d 345, 353-54 (7th Cir. 1978) ("Since administrative efficiency is not a subject particularly suited to judicial evaluation, the courts should be reluctant to intervene in the administrative adjudication process, absent clear congressional guidelines or a threat to a constitutional interest."). Here, the Court notes that Plaintiff's application for naturalization was filed in June of 2007. (Compl. ¶ 6.) Under these circumstances, the Court concludes that the APA does not vest the Court with jurisdiction to expedite intermediate steps in the processing of Plaintiff's naturalization application.

**C.    The Declaratory Judgment Act and All Writs Act**

Next, the Court concludes that neither the Declaratory Judgment Act nor the All Writs Act provide an independent basis for jurisdiction. The Declaratory Judgment Act does not expand federal jurisdiction, it merely expands the range of remedies available in federal courts. Converse v. Udall, 399 F.2d 616, 618 (9th Cir. 1968); see Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950). Since the Court concludes that the complaint in this case fails to establish an independent basis for subject matter jurisdiction, the Declaratory Judgment Act does not assist Plaintiff.

1       The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. "The Supreme Court has explained that only exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy." United States v. Ye, 436 F.3d 1117, 1121 (9th Cir. 2006); see Will v. United States, 389 U.S. 90, 95 (1967). Particularly in the circumstances of this case, the Court concludes that the All Writs Act does not provide a basis for jurisdiction. The Ninth Circuit has stated that "[t]he circumstances that will justify our interference with non-final agency action must be truly extraordinary, for this court's supervisory province as to agencies is not as direct as our supervisory authority over trial courts." Confederated Tribes v. Bonneville Power Admin., 342 F.3d 924, 930 (9th Cir. 2003). Additionally, the Court notes that Plaintiff does not seek a writ "in aid of" the Court's jurisdiction, but rather seeks to invoke the All Writs Act as an independent basis for jurisdiction permitting this Court to entertain Plaintiff's claim that Defendants should be compelled to process Plaintiff's naturalization application more expeditiously.

## Conclusion

For the reasons stated above, the Court grants Defendants' motion to dismiss Plaintiff's complaint.

IT IS SO ORDERED.

DATED: August 19, 2008

                                          MARILYN L. HUFF, District Judge
                                          UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.